IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SPIRIT MASTER FUNDING III, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **3:13-CV-4343-L** |
| **EL CHICO RESTAURANTS OF** | § | |
| **AMERICA, INC. AND EL CHICO** | § | |
| **RESTAURANTS, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion for Summary Judgment (Doc. 88), filed January 15, 2016; Defendants' Motion to Strike and Objections to Plaintiff's Summary Judgment Evidence (Doc. 101), filed February 25, 2016; and Defendants' Motion for Leave to File Sur-reply Opposition to Plaintiff's Motion for Summary Judgment (Doc. 112), filed May 2, 2016. After considering the motions, briefs, evidence, and applicable law, the court **denies** Plaintiff's Motion for Summary Judgment (Doc. 88); **denies as moot** Defendants' Motion to Strike and Objections to Plaintiff's Summary Judgment Evidence (Doc. 101); and **denies as moot** Defendants' Motion for Leave to File Sur-reply Opposition to Plaintiff's Motion for Summary Judgment (Doc. 112).

## I.    Factual and Procedural Background

On October 29, 2013, Plaintiff Spirit Master Funding III, LLC ("Plaintiff" or "Spirit Master") brought this action against Defendants El Chico Restaurants of America, Inc. and El Chico Restaurants, Inc. (collectively, "Defendants" or "El Chico") asserting claims based on alleged breaches of lease agreements and unjust enrichment. Plaintiff also seeks a declaratory judgment,

attorney's fees, costs, and prejudgment and postjudgment interest. On January 15, 2016, Plaintiff moved for summary judgment on its breach of contract claim as set forth in its Third Amended Complaint ("Complaint").  On February 25, 2016, El Chico objected to and moved to strike certain summary judgment evidence relied on by Plaintiff.  After briefing on Plaintiff's summary judgment motion was complete, El Chico moved for leave to file a surreply to the summary judgment motion, which is opposed by Plaintiff.  The trial of this case is currently set on the court's four-week docket beginning December 5, 2016.

## II.      Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus.*

*Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita*, 475 U.S. at 587.  (citation omitted).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.  *Ragas*, 136 F.3d at 458.  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).  "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.  Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion.  *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

**Memorandum Opinion and Order - Page 3**

## III.    Analysis

Spirit Master has moved for summary judgment on its contract claim with respect to the following lease agreements: (1) Shreveport Lease Agreement; (2) Paducah Lease Agreement; (3) Arlington Lease; (4) Lufkin Lease; and (5) Master Lease Agreement.  The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted).

After considering the parties' arguments and evidence, the court determines that a genuine dispute of material fact exists as to the elements of Spirit Master's contract claim.  Accordingly, the court will deny Plaintiff's summary judgment motion and deny as moot El Chico's motions to strike and motion for leave to file a surreply. The court's determination as to Plaintiff's summary judgment motion is not a comment on the strength or weakness of the parties' claims, defenses, or evidence.

## IV.    Conclusion

For the reasons stated, the court concludes that, notwithstanding the parties' contentions, a genuine dispute of material fact exists regarding the elements of Plaintiff's contract claim with respect to the various leases that are the subject of its summary judgment motion.  The court, therefore, **denies** Plaintiff's Motion for Summary Judgment (Doc. 88); **denies as moot** Defendants' Motion to Strike and Objections to Plaintiff's Summary Judgment Evidence (Doc. 101); and **denies as moot** Defendants' Motion for Leave to File Sur-reply Opposition to Plaintiff's Motion for Summary Judgment (Doc. 112).  As no jury trial has been requested, this case will be tried to the court.

**Memorandum Opinion and Order - Page 4**

**It is so ordered** this 31st day of October, 2016.

Sam A. Lindsay
United States District Judge